UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UNITED RENTALS (NORTH AMERICA) INC.,<br><br>Plaintiff,<br><br>v.<br><br>CUTTING EDGE GRADING,<br><br>Defendants.<br>_____/ | No. C 12-03287 LB<br><br>**ORDER (1) REGARDING PLAINTIFF'S VOLUNTARY DISMISSALS, (2) ALLOWING PLAINTIFF ADDITIONAL TIME TO SERVE DEFENDANT, AND (3) CONTINUING THE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>[RE: ECF Nos. 21-27] |

**STATEMENT**

On June 25, 2012, Plaintiff United Rentals (North America) Inc. ("United Rentals") sued eight defendants—Cutting Edge Grading, Inc. ("Cutting Edge"), RQ Construction, Inc. ("RQ Construction"), Western Surety Company ("Western Surety"), Liberty Mutual Insurance Company ("Liberty Mutual"), KISAQ-RQ 2 JV ("KISAQ-RQ"), KISAQ, LLC ("KISAQ"), Federal Insurance Company ("FIC"), and First National Insurance Company of America ("First National") (collectively, "Defendants") for breach of contract and other related claims. *See* Complaint, ECF No. 1.

On October 18, 2012, United Rentals and five Defendants (KISAQ, KISAQ-RQ, RQ Construction, Western Surety, and FIC) filed a joint case management statement. CMC Statement, ECF No. 18. In it, United Rentals represented that it has served all Defendants except Cutting Edge (*i.e.*, that it had served seven of eight Defendants). *Id.* at 2. It also requested an additional 60 days

C 12-03287 LB
ORDER

to serve Cutting Edge because it had not been able to locate Cutting Edge and "ha[d] ordered a skip trace" to try and find it. *Id*. At the time the joint case management conference statement was filed, the record indicated that three Defendants were served and had appeared and answered (RQ Construction, Western Surety, and KISAQ), two of the them were served but had not appeared or answered (Liberty Mutual and First National), two may or may not have been served but nevertheless had appeared and answered (KISAQ-RQ and FIC), and one had not been served and had not appeared or answered (Cutting Edge).

In response to the joint case management conference statement, on October 18, 2012, the court ordered that the initial case management conference, which had been scheduled for October 25, 2012, be continued until January 24, 2013, and a joint case management conference statement be filed no later than January 17, 2013. Joint CMC Statement, ECF No. 19. The court also ordered United Rentals to file, no later than October 29, 2012, (1) proofs of service (or waivers of service) for KISAQ-RQ, and FIC, and (2) a status report discussing what it intends to do about Liberty Mutual and First National.

United Rentals filed nothing by the court's deadline and did not comply with the court's October 18, 2012 Order. Finally, on November 19, 2012, United Rentals attempted to voluntarily dismiss five of the Defendants (RQ Construction, Western Surety, KISAQ-RQ, KISAQ, and FIC). Notices of Voluntary Dismissals, ECF Nos. 21, 23-26. The same day, United Rentals also filed a Notice of Voluntary Dismissal With Prejudice of its third claim for relief (brought against Cutting Edge, RQ Construction, KISAQ, KISAQ-RQ, FIC, and Western Surety). Voluntary Dismissal of Third Claim, ECF No. 22; *see* Complaint, ECF No. 1 at 7.

There is still nothing in the record indicating that Cutting Edge was served, and it has not appeared or answered. *See generally* Docket. First National was served but it still has not appeared or answered. *See generally id*.

On January 22, 2013, United Rentals filed an individual case management statement. United Rentals's CMC Statement, ECF No. 27. In it, United Rental says that Cutting Edge has not been served because Cutting Edge filed for bankruptcy protection, and that First National has been served but has not answered. *Id.* at 2. It also states that it Liberty Mutual has been dismissed. *Id*. United

Rental requests that the court continue proceedings to allow for Cutting Edge's bankruptcy proceeding to be resolved. *Id.* at 4, 5. It also asks to be allowed to appear at the January 24, 2013 Initial Case Management Conference by telephone. *Id*. at 1.

## ANALYSIS

### I. UNITED RENTALS MUST PROPERLY DISMISS RQ CONSTRUCTION, WESTERN SURETY, KISAQ-RQ, KISAQ, AND FIC

Federal Rule of Civil Procedure 41(a)(1)(A) provides that, subject to certain restrictions, a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." This rule is clear and unambiguous. United Rentals did not follow it. United Rentals filed voluntary dismissals, signed only by United Rentals's counsel, of RQ Construction, Western Surety, KISAQ-RQ, KISAQ, and FIC. These entities all filed and served answers to United Rentals's complaint, though. Answer (RQ Construction and Western Surety), ECF No. 15; Answer (KISAQ-RQ, KISAQ, and FIC), ECF No. 16. United Rental's voluntary dismissals, then, are not sufficient to dismiss them. Instead, United Rentals must file a stipulation of dismissal that is signed by all parties who have appeared.

### II. UNITED RENTALS CANNOT VOLUNTARILY DISMISS A SINGLE CLAIM UNDER RULE 41

Rule 41, on its face, does not allow for dismissal of individual claims against a defendant. And in *Hells Canyon Preservation Council v. U.S. Forest Service*, the Ninth Circuit stated that Federal Rule of Civil Procedure 41(a)(1) allows for dismissal of all claims against one defendant, not dismissal of individual claims against one defendant. 403 F.3d 683, 687 (9th Cir. 2005); *see also Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1392 (9th Cir. 1988). Instead, "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism [w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." *Hells Canyon*, 403 F.3d at 688. Accordingly, United Rentals's purported dismissal of its third claim is invalid. *See McCoy v. Alameda County*, No. C 11-01569 WHA, ECF No. 30 (N.D. Cal. Nov. 18, 2011). United Rentals instead should file a motion for leave to amend the complaint

under Rule 15(a).  *See id.*

## III.  LIBERTY MUTUAL HAS NOT BEEN DISMISSED

For the reasons discussed above, United Rentals's statement in its January 22, 2013 case management conference statement that Liberty Mutual has been dismissed does not suffice as a dismissal.  Because Liberty Mutual has not filed and served an answer or motion for summary judgment, United Rentals may dismiss it with a notice of voluntary dismissal under Rule 41(a)(1)(A)(i), but it may not do so merely by saying that Liberty Mutual has been dismissed in a case management conference statement.

## IV.  UNITED RENTALS'S TIME FOR SERVING CUTTING EDGE IS EXTENDED AND THE INITIAL CASE MANAGEMENT CONFERENCE IS CONTINUED TO ALLOW FOR CUTTING EDGE'S BANKRUPTCY PROCEEDINGS TO FINISH

United Rentals apparently anticipates filing a request for entry of default and a motion for default judgment against First National, but United Rentals says that "this will necessarily require additional documentation from Cutting Edge, and thus [United Rentals's request for entry of default and motion for default judgment are] dependent on [Cutting Edge's] bankruptcy petition."  United Rentals's CMC Statement, ECF No. 27 at 3.

Under these circumstances, the court **GRANTS** United Rentals additional time to serve Cutting Edge: it may do so after Cutting Edge's bankruptcy proceeding is resolved.  In addition, the court **CONTINUES** the January 24, 2013 Initial Case Management Conference to **May 2, 2013 at 10:30 a.m.** in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.  The remaining, live parties shall file a joint case management conference statement no later than **April 25, 2013.**  United Rental's request to appear by telephone at the January 24, 2013 Initial Case Management Conference is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 23, 2013

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California